**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| GRETCHEN V. VEIRA, | ) No. 19-00248-SMT |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**DEBTOR'S MOTION FOR AN ORDER CONFIRMING THAT THE EXCEPTION TO
THE AUTOMATIC STAY PER 11 U.S.C. § 362(B)(22) DOES NOT
<u>APPLY AND THE AUTOMATIC STAY IS IN EFFECT</u>**

Debtor Gretchen V. Veira ("Ms. Veira" or "Debtor"), by and through undersigned counsel, hereby files this Motion (the "Motion")[1] requesting a ruling that the exception to the automatic stay set forth in 11 U.S.C. § 362(b)(22) does not apply in this case and the automatic stay is in effect pursuant to 11 U.S.C. §§ 101(a) and 525(a).

**PRELIMINARY STATEMENT**

Ms. Veira, along with her two (2) sons, have lived in affordable housing owned and managed by the District of Columbia Housing Authority ("DCHA"), an agency of the government of the District of Columbia[2] for over thirteen (13) years. Ms. Veira has maintained gainful employment for the majority of her time living in her apartment. However, in 2017, due to a back injury, she was forced to leave her employment. Unbeknownst to Ms. Veira, DCHA did not apply the adjustments to her monthly rental obligation as required by law. Consequently, although Ms. Veira operated

---

[1] In accordance with Local Rule 9013-1(b)(2), the Debtor is combining her memorandum of points and authorities with this Motion.

H. Jason Gold, DC Bar No. 490595
David M. Barnes, Jr., DC Bar No. 1600347
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Debtor

under the belief that her monthly rental obligation was $0.00, DCHA subsequently filed an action in the Superior Court of the District of Columbia to evict Ms. Veira for non-payment of rent. Notwithstanding DCHA's correct adjustment of Ms. Veira's rent payment to reflect a monthly obligation of $0.00, DCHA continued to move forward with the eviction against Ms. Veira, prompting her to file this pending case.

As the availability of affordable housing becomes more scarce in cities across the country, bankruptcy courts are beginning to recognize certain protections afforded by the Bankruptcy Code to public housing tenants not otherwise conferred upon other consumer debtors. The Second Circuit squarely addressed this issue in a pre-BAPCPA decision, holding that a public housing lease is a grant by which a public housing authority conveys to a public housing tenant the right to use and occupy public housing in exchange for rent for purposes of 11 U.S.C.A. § 525(a), which protects from discrimination a debtor's interest in a license, permit, charter, franchise, or "other similar grant" provided by a governmental unit. Relying on the Second Circuit's reasoning as explained in *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002), post-BAPCPA courts have concluded that the more specific section 525(a) trumps the more general section 362(b)(22) and permits a debtor to avoid eviction by a public housing authority without first having to cure the full amount of the pre-petition arrearage. As a public housing tenant, Ms. Veira's case falls squarely within the protections of *Stoltz* and its progeny and she should therefore be allowed to remain in her residence without curing the pre-petition arrearage.

## **BACKGROUND**

Ms. Veira resides in public housing owned and operated by the District of Columbia Housing

---

[2] Capitalized terms will be defined *infra*.

2

Authority ("DCHA") at 4432 G Street, S.E., Apt. 31, Washington, DC 20019 (the "Property").  Ms. Veira has lived in the Property for approximately thirteen (13) years with her two (2) sons.

On February 15, 2018, DCHA, as the landlord of the Property, filed a complaint for eviction against Ms. Veira in the Superior Court for the District of Columbia (*D.C. Housing Authority v. Gretchen V. Veira*, Case No. 2018 LTB 004136) alleging, *inter alia*, that Ms. Veira failed to pay rent from June 2017 through December 2017, totaling $3,798.25.  On March 22, 2019, DCHA obtained a writ of restitution for possession of the Property.  Subsequently, Ms. Veira received an eviction notice to be executed by the U.S. Marshals Service on April 29, 2019.

On April 15, 2019, Ms. Veira filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Court") commencing her chapter 7 case (the "Bankruptcy Case").  Ms. Veira included with her petition and schedules executed copies of *Official Form 101A – Initial Statement About an Eviction Judgment Against You* ("Form 101A") and *B 101B – Statement About Payment of an Eviction Judgment Against You* ("Form 101B") certifying, *inter alia*, that she has the right under state or other nonbankruptcy law to remain in the Property and explaining that she is excepted from the application of 11 U.S.C. § 362(b)(22) by virtue of being a tenant in public housing.

**ARGUMENT**

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which included an exception to the automatic stay when the landlord obtained a pre-petition judgment for possession of residential real property.  11 U.S.C. § 362(b)(22).  However, the exception under section 362(b)(22) of the Bankruptcy Code will *not apply* if, within the thirty-day

period following the filing of the bankruptcy petition, the debtor-tenant cures the entire pre-petition default. 11 U.S.C. § 362(l).

As a tenant in public housing, Ms. Veira is entitled to remain in the Property pursuant to section 525(a) notwithstanding her failure to comply with the provisions of section 362(l). Section 525(a) provides, in pertinent part:

> [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against . . . a person that is or has been a debtor under this title . . . solely because such . . . debtor . . . has not paid a debt that is dischargeable in the case under this title . . . .

11 U.S.C. § 525(a).

The seminal case addressing the applicability of section 525(a) in the context of a debtor-tenant living in public housing is *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002). In *Stoltz*, a case that predates BAPCPA and the enactment of section 362(b)(22), the Second Circuit examined the conflict between the Bankruptcy Code's anti-discrimination mandate of section 525(a) and the Bankruptcy Code's articulation of lessor and lessee post-bankruptcy rights set out in section 365. In that case, the debtor, who lived in publicly subsidized housing, had not paid pre-petition rent and was seeking to assume the lease and retain possession of her apartment without curing the pre-petition arrears. The Second Circuit ruled that section 525(a) precludes a public housing authority from evicting a debtor-tenant from public housing based on nonpayment of discharged, pre-petition rent, even though other lessors under section 365 would have the right to evict such a tenant. The *Stoltz* court determined that the more specific section 525(a) – for the subset of landlords who are also governmental units and whose providing apartments is a governmental grant – trumped the more general section 365. *Id.* at 94 ("Our determination that section 525(a) should control on the basis of

4

specificity is supported by sound public policy and the overarching goals of the Bankruptcy Code.").

Following the enactment of BAPCPA and section 362(b)(22), bankruptcy courts have addressed whether *Stoltz* and the anti-discrimination provision of the Bankruptcy Code apply to the analysis of section 362(b)(22) and concluded that this stay exception is indeed subject to the anti-discrimination provision of section 525(a). As the court in *In re Kelly*, 356 B.R. 899 (Bankr. S.D. Fla. 2006) aptly observed:

> If a public housing debtor does not have to cure prepetition defaults under § 365, that same debtor should not be required to cure the defaults under § 362(l) in order to stop an eviction. Section 525(a) allows a Chapter 7 debtor to stay in his or her public housing unit even though prepetition rent arrearages are being discharged. This Court holds that the addition of § 362(b)(22) in BAPCPA does not change that result.

*Id.* at 901-02.

Post-BAPCPA courts have continued to follow *Stoltz*'s reasoning and determined that section 362(b)(22) does not apply to debtors living in public housing because those debtors have a right to retain possession of their public housing accommodations after discharging the pre-petition debt pursuant to section 525(a) and need not cure the pre-petition default in order to avoid eviction. *See In re Carpenter*, 2015 WL 1956272, at *4 (Bankr. D. Vt. Apr. 29, 2015) ("The Court concludes that, in light of the prohibition against bankruptcy-based discrimination by governmental entities, [the public housing authority] is prohibited from exercising the rights set out in the § 362(b)(22) stay exception notwithstanding the Debtor's failure to pay the pre-petition rent arrearages generally required by § 362(l)."); *In re Aikens*, 503 B.R. 603, 608 (Bankr. S.D.N.Y. 2014) ("While any landlord facing a request in housing court for vacatur of a warrant of eviction would understandably want cure of as much of the then-existing defaults as it could, a public authority landlord can lawfully request only the postpetition component. A public authority is constrained by section

525(a)."). At least one case has taken an approach in contravention of *Stoltz*'s progeny. *See Housing Auth. of the City of Pittsburgh v. Smith*, 2014 WL 7016081 (W.D. Pa. Dec. 11, 2014). The *Smith* court reversed the decision of the bankruptcy court and found in favor of the housing authority, determining that section 525(a) did not protect a public housing tenant from avoiding eviction in light of a pending bankruptcy case. However, the *Smith* case is easily distinguishable because the chapter 7 trustee in *Smith* had expressly rejected the public housing lease, removing it as property of the estate. In Ms. Veira's case, the chapter 7 trustee has not filed anything with the Court expressing his intention to reject the subject lease, and therefore the lease remains property of the estate and protected by the automatic stay.

Ms. Veira's situation falls squarely within the *Stoltz* authority as well as subsequent post-BAPCPA decisions. Under DC law, notwithstanding DCHA's judgment against Ms. Veira, she maintains a continuing right to remain in the Property by paying DCHA the entire delinquent amount. *See Mullin v. N. St. Follies Ltd. P'ship*, 712 A.2d 487, 494 (D.C. 1998) ("It is axiomatic that a tenant may avoid forfeiture of a lease for nonpayment of rent upon tender to the landlord of all outstanding rent, with interest and costs, at any time prior to actual eviction."). However, as a public housing tenant, Ms. Veira is exempted from the requirement that she cure her pre-petition arrearages owed to DCHA in order to avoid eviction by virtue of section 525(a). This conclusion is supported by applicable case law and sound public policy in ensuring debtors receive the "fresh start" guaranteed by the Bankruptcy Code. *See Stoltz*, 315 F.3d at 94-95 ("Given the serious harm posed to [the debtor's] fresh start, and the minimal benefit [the public housing authority] would receive, curtailment of [the public housing authority's] state law remedy of eviction serves the sound public policy of granting debtors a fresh start . . . ."). This is not a case in which a public housing tenant is

using bankruptcy to avoid entirely an obligation owed to a public housing authority. Rather, Ms. Veira is attempting to correct an apparent error in the recertification process of her monthly rental obligation to DCHA with the hopes of obtaining gainful employment in the near future allowing her to make meaningful rental payments to the DCHA and remain in the Property where she has resided for over a decade.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests entry of an Order confirming that the exception to the automatic stay set forth in 11 U.S.C. § 362(b)(22) does not apply in this case and the automatic stay is in effect.

Respectfully submitted,

GRETCHEN V. VEIRA

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860

By:   /s/ David M. Barnes, Jr.
     H. Jason Gold, DC Bar No. 490595
     David M. Barnes, Jr., DC Bar No. 1600347

*Counsel to the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April 2019, the foregoing Motion was served via first class mail, postage prepaid, to:

District of Columbia Housing Authority
1133 North Capitol Street, NE
Washington, DC 20002

Lisa J. Dessel
Musolino & Dessel PLLC
1615 L Street, NW, Suite 440
Washington, DC 20036
*Counsel to District of Columbia Housing Authority*

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA  22314

Marc E. Albert
Stinson Leonard Street LLP
1775 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
*Chapter 7 Trustee*

/s/ David M. Barnes, Jr.
David M. Barnes, Jr.